IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02997-CMA-KLM

ALAN R. STORY,

    Plaintiff,

v.

CITY OF FRUITA,
OFFICER YOUNG, Fruita Police,
OFFICER LENTZ, Fruita Police,
MARK ANGELO, Code Enforcement,
DONNA RAUGH, Planning Department, and
SUSAN CARTER, Code Enforcement,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Dismiss** [#15][1] (the "Motion"). Plaintiff, who proceeds in this matter pro se[2], filed the Motion, which the Court construes as a notice of partial dismissal filed under Fed. R. Civ. P. 41(a)(1)(A)(i). Pursuant to Fed. R. Civ. P. 41(a)(1)(A), "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." In this case, all Defendants filed motions to dismiss [##7, 10] in lieu of answers and no Defendant has filed a motion for summary judgment. Accordingly, a ruling on the Motion is not necessary because Plaintiff may voluntarily dismiss any Defendant[3] by filing a *notice* of dismissal. *See Janssen v. Harris*, 321 F.3d 998, 1000 (10th

---

    [1] "[#15]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

    [2] The Court must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

    [3] In this case, Plaintiff seeks to dismiss the action as to certain Defendants, but is not dismissing the action as to all Defendants. The Court agrees with its sister court's analysis in *Van Leeuwen v. Bank of Am., N.A.*, --- F.R.D. ---, 2015 WL 792310 (D. Utah 2015). While there is a

Cir. 2003) ("The filing of a notice of dismissal pursuant to Rule 41(a)(1)(I) does not require an order of the court."); *De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011) (noting that a notice of dismissal or stipulation of dismissal filed under Fed. R. Civ. P. 41(a)(1)(A) is self-executing and is effective on the date is it filed). However, the Motion was titled and docketed as a *motion*. As a result, the Court must take some action with regard to the filing. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#15] is **DENIED as moot** because Plaintiff may dismiss any Defendant "without a court order" pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

IT IS FURTHER **ORDERED** that the Clerk of the Court shall modify the docket to reflect that Plaintiff's claims against Defendants Angelo, Raugh, Carter, and Lentz are **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

IT IS FURTHER **ORDERED** that Defendant Angelo's and Defendant Raugh's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [#7] is **DENIED as moot** because all claims against Defendants Angelo and Raugh were dismissed through the filing of Plaintiff's Motion [#15].

Dated: May 22, 2015

---

waning circuit split "on the question of whether a plaintiff must dismiss the entire action under Rule 41(a)(1)(A) or whether it can more surgically dismiss all claims against one of multiple defendants," *id*. at *2, it is logical and efficient to allow the Plaintiff in this case to dismiss all claims against certain Defendants pursuant to Rule 41(a)(1)(A). As that court noted, the Tenth Circuit has not directly addressed the question of whether all claims as to one or more, but not all, defendants in an action can be dismissed. *Cf. Benton v. Town of South Fork & Police Dep't*, 553 F.App'x 772, 778 (10th Cir. 2014) (unpublished Order and Judgment) (noting that the appellant "identifies no error in the district court's disposition of his motion" that voluntarily dismissed certain defendants in a multi-defendant action). While the Tenth Circuit has noted that Rule 41(a)(1) "speaks to dismissal of an action, not just a claim within an action," *Gobbo Farms & Orchards v. Poole Chem. Co.*, 81 F.3d 122, 123 (10th Cir. 1996), that case is distinguishable because the plaintiff was seeking to dismiss only some of the claims asserted against the only defendant. Here, Plaintiff seeks to dismiss certain Defendants entirely from a multi-defendant action.