IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02997-CMA-KLM

ALAN R. STORY,

    Plaintiff,

v.

CITY OF FRUITA, and
OFFICER ROSS YOUNG,

    Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendants City of Fruita's, Ross Young's, Steven Lentz['s], and Susan Carter's** (the "Defendants") **Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [#10][1] (the "Motion"). Plaintiff filed a Response to the Motion (the "Response") [#13], and Defendants filed a Reply (the "Reply") [#14] in further support of the Motion. The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#10] be **GRANTED**.

---

[1] "[#10]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

## I. Summary of the Case

On November 5, 2014, Plaintiff Alan Story filed a complaint[2] against Defendants City of Fruita, Officer Young, Officer Lentz, Mark Angelo, Dahna Raugh, and Susan Carter. *See Compl.* [#1]. Subsequently, Plaintiff voluntarily dismissed all claims against Defendants Lentz, Angelo, Raugh, and Carter, leaving only Plaintiff's claims against Defendant Young and Defendant City of Fruita. *See Motion to Dismiss* [#15].[3]

Plaintiff alleges that Defendant Young, a police officer with the City of Fruita, came onto Plaintiff's property in July 2014 without a warrant or probable cause. *See Compl.* [#1] at 4. In his complaint, Plaintiff claims that he was caring for a dog belonging to a "homeless girl" and that he refused to return the dog to her until she could show that she would adequately care for the dog. *Id.* Plaintiff asserts that when he refused to return the dog to the girl, she called the City of Fruita Police Department, and that Defendant Young, in response to the girl's call, came onto Plaintiff's property in search of the dog. *Id.* Plaintiff claims that he was hiding from Defendant Young in his "shop," but that he could see Defendant through a hole in the door to his shop. *Id.* Plaintiff asserts that he saw Defendant knock on the kitchen door of Plaintiff's home, which was answered by Ms. Sara

---

[2] Plaintiff filed his complaint using a standard form for the filing of a complaint pursuant to Title VII of the Civil Rights Act ("Title VII"). *See Compl.* [#1]. However, there are no allegations of discrimination regarding any unlawful employment act or practice governed by Title VII. *See* 42 U.S.C. § 2000e, *et seq.* Rather, Plaintiff's claims are all premised on alleged violations of the Fourth Amendment of the U.S. Constitution and excessive use of deadly force. *See Compl.* [#1] at 4,6. Hence, the Court construes Plaintiff's claims as a civil action brought pursuant to 42 U.S.C. § 1983, and, by extension, that subject matter jurisdiction is appropriate.

[3] The Court construed Plaintiff's Motion to Dismiss as a voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(I). *See Order* [#17].

Martinez.[4]  *Id.*  Plaintiff claims that when Ms. Martinez opened the door, Defendant had his gun pointed at her head.  *Id.*

Plaintiff argues that Defendant Young violated his Fourth Amendment rights by entering Plaintiff's property without a warrant or probable cause and for using excessive force against Ms. Martinez by pointing a gun at her head.  *See Compl.* [#1] at 4; *Response* [#13] at ¶ 5.  Plaintiff alleges that the City of Fruita, "as the employer of Officer Young," also violated his Fourth Amendment rights.  *Motion to Dismiss* [#15] at ¶ 5.

Defendants move to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted.  With respect to Plaintiff's allegation of excessive force against Defendant Young, Defendants contend that this claim fails as a matter of law because Plaintiff alleges that Defendant Young used excessive force against Ms. Martinez, and that Plaintiff cannot assert the constitutional rights of another person.  *See Motion* [#10] at 8-9.  Defendants further argue that Officer Young's "mere presence on Plaintiff's property, without more, does not rise to the level of a constitutional violation."  *Reply* [# 14] at 4.  Lastly, Defendants aver that Defendant Young is protected from Plaintiff's claims based on qualified immunity, arguing that that Plaintiff "fails to clear the substantial hurdle presented by . . . Officer Young's . . . qualified immunity" because Plaintiff "[m]erely indentif[ies] a right . . . and assert[s], without any factual predicate, that the [D]efendants violated that right[.]" *Motion* [#10] at 13.

With respect to Defendant City of Fruita, Defendants argue that Plaintiff's allegations should be dismissed because Plaintiff "attempt[s] to hold the City liable for the alleged

---

[4] Ms. Sara Martinez was Plaintiff's house guest at the time of the incident and is not a party to this action.  *See generally Compl.* [#1].

Constitutional violations of its employees on a *respondeat superior* theory" which, Defendants contend, the Supreme Court expressly prohibited in *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *Motion* [#10] at 14.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor

does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n] that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 552 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

Because Plaintiff here is proceeding pro se, the Court construes his pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003). Even so, Plaintiff retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because a "*pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

### III. Analysis

Defendants argue that Plaintiff's Fourth Amendment claims should be dismissed because he has failed to allege any violation of his own constitutional rights. *Motion* [#10] at 8-9. Defendants also argue that they are entitled to qualified immunity against Plaintiff's claims. *See id.* at 12-13. However, because "qualified immunity does not come into play if there has been no constitutional or statutory violation," *Hawker v. Sandy City Corp.*, --- F.App'x ---, 2014 WL 6844928, at *2 n.5 (10th Cir. 2014) (unpublished decision), the Court

first addresses whether Plaintiff has stated Fourth Amendment claims.  *See also Saucier v. Katz*, 553 U.S. 194, 201 (2001) ("If no [c]onstitutional right would have been violated were the allegations established, there is no necessity for further inquires concerning qualified immunity.")

**A.     Fourth Amendment Claim**

The Fourth Amendment protects people from unreasonable searches of their "persons, houses, papers, and effects."  U.S. Const. Amend. IV.  A Fourth Amendment search occurs in two instances: when the government trespasses on a person's property or where the government violates a person's subjective expectation of privacy that society recognizes as reasonable to collect information.  *Ysasi v. Brown,* 3 F. Supp. 3d 1088, 1127 (D.N.M. 2014).  To assert a violation of Fourth Amendment under the second instance, the individual must demonstrate that he had an "expectation of privacy in the place searched, and that his expectation [wa]s reasonable."  *United States v. Gordon*, 168 F.3d 1222, 1225 (10th Cir. 1999) (citing *Minnesota v. Carter*, 525 U.S. 83 (1998)).  To determine whether a person has a constitutionally protected reasonable expectation of privacy, the Court makes "two inquiries: first has the person exhibited a subjective expectation of privacy in the place or thing searched?  Second, is the person's expectation of privacy one that society is prepared to recognize as reasonable?"  *U.S. v. Hatfield*, 333 F.3d 1189, 1195 (10th Cir. 2003) (citing *Katz v. United States*, 389 U.S. 347, 351 (1967)).  The burden is on the individual asserting the right to show that he had a reasonable expectation of privacy.  *United States v. Conway*, 73 F.3d 975, 979 (10th Cir. 1995).

"It is axiomatic that the 'physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed.'"  *Welsh v. Wisconsin*, 466 U.S. 740, 748

(1984) (quoting *United States v. U.S. Dist. Court for E. Dist. of Mich., S. Div.*, 407 U.S. 297, 313 (1972)); *see also Florida v. Jardines*, --- U.S. ---, 133 S.Ct. 1409, 1414 (2013) ("[W]hen it comes to the Fourth Amendment, the home is first among equals."). "Linked to that core area of protected privacy is a home's curtilage." *Hatfield*, 333 F.3d at 1195. Curtilage is "the area to which extends the intimate activity associated with the sanctity of a man's home and the privacies of life." *U.S. v. Knapp*, 1 F.3d 1026, 1029 (10th Cir. 1993). Only the curtilage of the home warrants Fourth Amendment protections. *Id.* Four factors are used to determine whether a particular location constitutes a home's curtilage:

> the proximity of the area claimed to be curtilage to the home, whether the area is included within an enclosure surrounding the home, the nature of the uses to which the area is put, and the steps taken by the resident to protect the area from observation by people passing by.

*U.S. v. Dunn*, 480 U.S. 294, 301 (1987).

However, police officers may enter the curtilage of a home in order to approach the door, via the normal route of access to the home, when seeking to speak to the inhabitants. *U.S. v. Shuck*, 713 F. 3d 563, 567 (10th Cir. 2013). This interaction is classified as a "knock and talk." *Shuck*, 713 F.3d at 567. Knock and talk encounters do not contravene the Fourth Amendment, even absent reasonable suspicion, because the encounter is considered consensual. *United States v. Cruz-Mendez*, 467 F.3d 1260, 1264 (10th Cir. 2006).

Here, Plaintiff does not allege that Defendant Young entered his home; rather, he alleges that Defendant Young "came [onto] my property" and then proceeded to "knock on the shop door" and, when Plaintiff did not open the door, then "went to the kitchen door and knocked on the door." *Compl.* [#1] at 4. These allegations, however, read in a light most

favorable to Plaintiff, do not articulate or describe a curtilage to Plaintiff's home in which he has a protected privacy interest.  Regardless, even were the Court to consider this area a curtilage, Plaintiff alleges nothing more than a consensual "knock and talk" encounter that implicates no violation of any constitutional rights.

Accordingly, because the Plaintiff has failed to allege a legitimate expectation of privacy, the Court **recommends** that the claim against Defendant Young based on violation of the Fourth Amendment due to an unreasonable search be **dismissed**.

**B.**     **Excessive Force Claim**

Plaintiff alleges that Defendant Young used excessive deadly force against Ms. Martinez by pointing his gun at her when she answered the door.  *See Compl.* [#1] at 4.  However, it is well-settled that a person may not enforce the constitutional rights of another for a Section 1983 violation.  *See Dohaish v. Tooley*, 670 F.2d 934, 935-36 (10th Cir. 1982) (*cert. denied*, 459 U.S. 826); *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566 (10th Cir. 1993) ("Thus, one does not have standing to assert a violation of rights belonging to another, since the person entitled to the right is the only one who can be directly injured by its deprivation"); *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) ("We must also keep firmly in mind the well-settled principle that a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else").

It is clear that Plaintiff here attempts to assert a constitutional violation on behalf of Ms. Martinez, who is a third party and not engaged in this litigation.  *See Compl.* [#1] at 4; *see also Response* [#13] at ¶ 5.  Accordingly, the Court **recommends** that the claim against Defendant Young based on Fourth Amendment violation for the use of excessive

force be **dismissed**.

**C.    Municipal Liability Claim**

According to the principles of municipal liability, a municipal government "cannot be held liable *solely* because it employs a tortfeasor—or, in other words a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978).  In order to be held liable for the allegedly tortious acts of its agents, Plaintiff must show that Defendant City of Fruita directly caused the constitutional violation by instituting an "official municipal policy of some nature," that was the "direct cause" or "moving force" behind the constitutional violations.  *Smedley v. Corr. Corp. of Am.,* 175 Fed. App'x. 943, 944 (10th Cir. 2005) (quoting *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480-85 (1986); *City of Oklahoma v. Tuttle,* 471 U.S. 808, 820 (1985)).  "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."  *Bd. of County Com'rs. v. Brown,* 520 U.S. 397, 404 (1997).

To impose liability, the alleged policy must be a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the public entity's officers.  *Lankford v. City of Hobart,* 73 F.3d 283, 286 (10th Cir.1996) (internal quotation marks and citation omitted).  "If a violation cannot be characterized as official policy, then [a municipality may] still be held liable if the practice is so permanent and well-settled as to constitute a custom or usage with the force of law."  *Id.* (internal quotation marks and citations omitted).  A custom has been interpreted to mean "an act that, although not

formally approved by an appropriate decision maker, has such widespread practice as to have the force of law." *Marshall v. Columbia Lea Reg'l Hosp.,* 345 F.3d 1157, 1177 (10th Cir. 2003) (citation omitted).

Here, Plaintiff does not identify or allege a custom, policy, or practice of the City of Fruita that is or can be related to Defendant Young's actions when he entered Plaintiff's property in the alleged violation of the Fourth Amendment. Indeed, Plaintiff's complaint is essentially devoid of allegations against the City of Fruita aside from the vague request that the City of Fruita "quit harassing [him] and . . . follow the Fourth Amendment of the U.S. Constitution[.]" *Compl.* [#1] at 6. In his Response, Plaintiff further states that "[t]he City of Fruita is charged with the same offen[s]e (not having a warrant) because the City of Fruita is the employer of Officer Lentz[5] and has control over his actions." *Response* [#13]. These allegations do not articulate a legally cognizable basis for municipal liability. Thus, because Plaintiff does not allege facts sufficient to create a cause of action for municipal liability against Defendant City of Fruita, the Court respectfully **recommends** that Plaintiff's claims against Defendant City of Fruita be **dismissed**.

## IV. Conclusion

Accordingly, for the reasons stated above, the Court respectfully **RECOMMENDS** that the Motion [#10] be **GRANTED**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in

---

[5] It appears that Plaintiff made a scrivener's error in referring to **Officer Lentz** instead of Officer Young. The complaint, for example, states that it "charges" Defendant City of Fruita with "a violation of the Fourth Amendment of the U.S. Constitution (**Officer Young** came on my property . . . )." *Compl.* [#1] at 1 (emphasis added).

order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: February 4, 2016

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge